14410

RICHLAND SUPPLY CO. v. WILSON, COUNTY TREASURER

(189 S. E., 223)

247

*Mr. James H. Fowles,* for appellant,

*Mr. J. G. Dinkins,* for respondent,

January 8, 1937.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

Upon the petition of the appellant, the Court of Common Pleas for Clarendon County issued a rule requiring the respondent, as treasurer of Clarendon County, to show cause why a writ of mandamus should not issue compelling her, as such county treasurer, to pay a certain judgment from money belonging to School District No. 35 in Clarendon County.

The respondent made return to the effect that the judgment referred to was based upon certain school warrants issued by the trustees of Gable School District, but that the warrants had never been signed and approved by the county superintendent of education, without which signing and approval she was without authority in law to pay them. Further that she is informed that such warrants were not approved by the superintendent of education because when the warrants were presented for payment there were not sufficient funds available for the purpose. Further, the return states, that respondent is without funds at this time with which to pay petitioner's claims.

At the hearing upon the return to the rule, there was put in evidence, in addition to the verified petition and return to the rule, judgment roll No. 7543 of the case of *Richland Supply Company v. Gable School District No. 35 of Clarendon County, and E. D. Player and N. R. Cousar, as trustees,* which judgment was based on three warrants, which are in the judgment roll, on each of which appears the following indorsement: "Approved as a valid and binding claim against Gable School District No. 35, Clarendon County, to be paid when funds are available." This indorsement is signed by the county superintendent of education, the county treasurer, and county auditor.

The appellant contends that this indorsement is sufficient authority for the county treasurer to pay the claims. The respondent contends that this indorsement merely validates the claims, but that before she can pay them, they must be approved for payment and ordered paid by the county superintendent of education.

The order of Judge Stoll, which disposes of the matter, meets the approval of this Court and is affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Carter, Baker and Fishburne, concur.